[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
This cause is an accelerated appeal[1] in which appellant, Daniel King, through his guardian ad litem (GAL), Mary K. Dudley, appeals the decision of the Butler County Court of Common Pleas, Juvenile Division, to place Daniel in a planned permanent living arrangement ("PPLA") and authorizing appellee, Butler County Children Services Board ("BCCSB"), to change Daniel's current placement.[2]
In the sole assignment of error, appellant argues that the trial court erred by considering an ex parte communication of another party and an expert's report after the conclusion of hearings.
In this case the ex parte communication, a letter to the trial court judge from an employee of BCCSB, was sent during the dispositional phase of a dependency case following a motion for a PPLA. Upon receiving the letter and realizing that it was an ex parte communication, the trial court judge served each of the parties with copies of it. Although a review of the record does not demonstrate that the trial court judge "considered" this letter himself, the trial court judge provided this letter to Dr. Bobbi Hopes, after asking Dr. Hopes to conduct an independent psychiatric evaluation of Daniel. Dr. Hopes recommended that Daniel's placement be transferred. In a judgment entry citing Dr. Hopes' report, the trial court granted the PPLA and allowed BCCSB to change Daniel's current placement.
After issuing its decision, the trial court granted a hearing requested by the GAL, providing her with the opportunity to voice her objections. Instead of taking this opportunity to cross-examine the author of the exparte letter about its contents or to cross-examine Dr. Bobbi Hopes about her evaluation and recommendation to the trial court, the GAL argued that Daniel's privacy rights had been violated. The attorney representing BCCSB assured the trial court that the author of the letter had been reprimanded for sending the letter without serving it to the other parties and understood that she was never to undertake such action again. We find that the trial court's actions were not in violation of Canon 3(B)(7) of the Code of Judicial Conduct,[3] where the trial court took steps to remedy any unfair prejudice against Daniel caused by the exparte communication.
A juvenile court has broad discretion in the disposition of a dependent child case. See R.C. 2151.353(A). Unless a juvenile court abuses its discretion, a reviewing court is not warranted in disturbing its judgment. In re Pieper Children (1993), 85 Ohio App.3d 318, 330. After reviewing the trial court transcript and judgment entries, we are satisfied that the trial court did not abuse its discretion in deciding this case. The assignment of error is overruled.
Judgment affirmed.
Pursuant to App.R. 11.1(E), this entry shall not be relied upon as authority and will not be published in any form. A certified copy of this judgment entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.
William W. Young, Judge, and Anthony Valen, Judge, concur.
[1] Pursuant to Loc.R. 6(A), we have sua sponte assigned this appeal to the accelerated calendar.
[2] William Wilson is also a party to this appeal but did not submit an appellate brief for our review.
[3] Canon 3(B)(7) of the Code of Judicial Conduct states, in pertinent part: "A judge shall not initiate, receive, permit, or consider communications made to the judge outside the presence of the parties or their representatives concerning a pending or impending proceeding * * *[.]"